POLSINELLI LLP
TODD M. MALYNN (SBN 181595)
tmalynn@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:   (310) 556-1801
Facsimile:    (310) 556-1802

POLSINELLI PC
JOHN POSTHUMUS (*Pro Hac Vice to come*)
jposthumus@polsinelli.com
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone:   (303) 572-9300
Facsimile:    (303) 572-7883

Attorneys for Plaintiff
KITU LIFE, INC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITU LIFE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>KIITO, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**JURY DEMAND** |

Plaintiff Kitu Life, Inc. ("KITU"), for its Complaint against Defendant Kiito, Inc. ("Defendant" or "Kiito"), hereby alleges as follows:

## Nature of the Action

1. In this action, KITU seeks injunctive and monetary relief for acts of unfair competition under the laws of the United States, Title 15, United States Code, California Unfair Trade Practices, and trademark infringement and unfair competition under the common law of the State of California.

## The Parties

2. KITU is a Delaware corporation with its principal place of business at 1732 First Avenue, New York, NY 10128.

3. Upon information and belief, Defendant Kiito is a Delaware corporation with its principal place of business at 800 Wilshire Blvd, Suite 200, Los Angeles, CA 90017.

## Jurisdiction and Venue

4. This action arises under § 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, California Unfair Trade Practices, Cal. Bus. & Prof. Code § 17200 *et seq.*, and the common law of the State of California.

5. The Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

6. The Court has personal jurisdiction over Defendant because Defendant reside in this judicial district and conduct their business of providing real estate brokerage services and property management services in this judicial district.

7. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims in the action occurred within this jurisdiction.

## Background

8. KITU is a fast growing consumer goods company headquartered in New York City, NY, which currently makes and markets:

- Super Coffee—RTD sugar free, organic coffee blended with protein and MCT Oil (12oz HDPE bottle)
- Super Creamer—Lactose free, sugar free coffee creamer fortified with protein and MCT Oil (25oz paper carton)

- Super Espresso—sugar free, organic espresso blended with protein and MCT Oil (6 oz can)

9. KITU has plans to introduce two new product lines in 2019, including CBD-infused products and plant-based protein shakes.

10. KITU offers a line of beverage products offered under the mark KITU which have been on the marketplace since as early as June, 2018 and are currently available in over 5,000 retail locations across the country from Bristol Farms and 7-11 in Southern California to Walgreens and Whole Foods in New York City. KITU's products are also available online, including at drinksupercoffee.com, Amazon, Peapod, and jet.com.

11. The KITU mark has been extensively used by KITU in connection with its beverage products. Representative examples of such uses are attached hereto as **Exhibit A**.

12. KITU promotes its KITU products throughout the United States, including online at its website, drinksupercoffee.com, on facebook.com, which page has over 19K followers, and at www.amazon.com.

13. The KITU Mark is inherently distinctive and serves to identify and indicate the source of KITU's products to the consuming public.

14. In addition, as a result of KITU's continuous use and promotion of the KITU Mark, the Mark has become distinctive to designate KITU and its products from those of others, and to distinguish the source or origin of KITU's products. As a result of these efforts by KITU, the consuming public throughout the United States, including in California, widely recognizes and associates the KITU Mark with KITU.

15. As a result of KITU's continuous use and promotion of the KITU mark, KITU has acquired valuable common law rights in the mark.

16. In accordance with the provisions of federal law, KITU has applied to register the KITU Mark on the Principal Register of the United States Patent and Trademark Office. KITU is the owner of U.S. Application No. 87/908,804 for "KITU" for "Creamers for beverages; Cream; Half and half; Nut butters; Dried fruit; Plant-based snack foods in the nature of vegetable-, fruit, nut-, seed-, legume-, bean-based snack foods; Coffee whiteners consisting principally of dairy or non-dairy products; Nut-based bars; Seed-based bars; Fruit-based bars; Vegetable-based bars; Fruit-based snack foods; Vegetable-based snack foods; Nut-based snack foods; Seed-based Snack foods; Nut Milk; Dairy-based beverages; High-protein dairy-based beverages; High-protein dairy-based snack foods excluding ice cream, ice milk and frozen yogurt; High-protein plant-based beverages in the nature of vegetable-, fruit, nut-, seed-, legume-, bean-based beverages; High-protein plant-based snack foods in the nature of vegetable-, fruit, nut-, seed-, legume-, bean-based snack foods; Soy-based bars; Soy- based snack-foods; High-protein soy-based beverages in the nature of soy-milk based beverages and soy shakes" in International Class 29; "Candy; Coffee; Tea; Cereal-based bars; Cereal-based snack foods; Grain-based snack foods; Confectionary, namely, chocolate confections, candy, and frozen confections; Prepared Coffee; Coffee-based beverages; Ready to Drink Coffee; Prepared Tea; Tea-based beverages; Grain-based bars; Chocolate" in International Class 30; and "Energy drinks; Non-alcoholic drinks, namely, energy shots; Non-alcoholic carbonated drinks; Energy drinks enhanced with protein, MCT oil, or other nutrients; Soft drinks; Sports drinks; Protein enriched sports beverages" in International Class 32, which was filed on May 4, 2018, on the basis of intent to use the mark.

17. KITU has expended substantial monies in marketing, advertising, and promoting the KITU mark, and through such sales and advertising, has generated substantial goodwill and customer recognition in the KITU mark.

**Defendant's Activities**

18. After KITU began using its KITU mark in connection with its line of products, Defendant began offering its own line of beverage products under the highly similar mark KIITO.

19. KITU recently learned that Defendant has begun using the KIITO mark in connection with beverage products at its website (https://drinkkiito.com/collections/shop), which is accessible in the United States. Representative examples of such uses are attached hereto as **Exhibit B**.

20. Upon information and belief, Defendant is test marketing its KIITO drink in third-party stores in the Southern California area.

21. Upon information and belief, Defendant's KIITO products will appear side-by-side with KITU's line of KITU products in third-party stores.

22. Upon information and belief, Defendant will be attending and displaying its KIITO drink at the Expo West Conference in Anaheim, CA in early March, 2019, and Defendant will be located in booth H922, which will be in close proximity to KITU's booth H603.

23. Upon information and belief, Defendant is the owner of U.S. Application No. 87/949,049 for "KIITO", which claims "Protein supplement shakes; Weight management supplements; Dietary and nutritional supplements used for weight loss; Nutritional supplement shakes" in International Class 5, and which was filed on June 5, 2018, on the basis of intent to use the mark.

24. KITU has expressed its objection to Defendant's use and registration of the KIITO mark because of the likelihood of consumer confusion arising from Defendant's use.

25. Despite constructive and actual knowledge of KITU's trademark rights, Defendant intends to continue to use the KIITO mark in connection with the

advertising and promotion of its products in competition with KITU and the KITU products.

26. Defendant is not affiliated with or sponsored by KITU and has not been authorized by KITU to use the KITU mark or any confusingly similar marks.

## COUNT I

## Unfair Competition Under Federal Law

## (15 U.S.C. § 1125(a))

27. KITU repeats the allegations above as if fully set forth herein.

28. This is a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendant's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of Defendant's services, in violation of 15 U.S.C. § 1125(a).

29. Defendant's conduct constitutes an attempt to trade on the goodwill that KITU has developed in the KITU Mark, all to the damage of KITU.

30. By its conduct, Defendant has caused KITU irreparable harm and injury and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation of KITU's rights.

31. KITU has no adequate remedy at law.

## COUNT II

## Unfair Competition under California Unfair Trade Practices Statute

## (Cal. Bus. & Prof. Code § 17200 *et seq.*)

32. KITU repeats the allegations above as if fully set forth herein.

33. Defendant's conduct constitutes misappropriation of valuable property rights of KITU and trading on the goodwill symbolized by the distinctive KITU Mark and the KITU distinguishing characteristics and is thereby likely to confuse

1 and deceive members of the purchasing public and others, and otherwise damage
2 the public by engaging in false or unfair trade acts or business practices.

3   34.   The activities of the Defendant as described in the forgoing
4 paragraphs, and in each cause of action herein asserted, constitute unfair and/or
5 deceptive trade practices that have occurred and are occurring in commerce and
6 have proximately caused and are proximately causing injury to KITU, including
7 but not limited to a loss of money or property within the meaning of the statute.
8 Thus, these activities violate the California statutory prohibition of unfair trade
9 practices, Cal. Bus. & Prof. Code § 17200 *et seq*.

10   35.   By its conduct, Defendant has caused and, unless restrained and
11 enjoined by this Court, will continue to cause irreparable harm, damage, and injury
12 to KITU.

13   36.   KITU has no adequate remedy at law.

## COUNT III

### California Common Law Trademark Infringement and Unfair Competition

16   37.   KITU repeats the allegations above as if fully set forth herein.

17   38.   This is a claim for trademark infringement and unfair competition
18 under the common law of California, arising from Defendant's use, and continued
19 use, of the KIITO Mark in commerce which is likely to create consumer confusion
20 in the marketplace; therefore, those activities constitute trademark infringement
21 and unfair competition under the common law of California.

22   39.   Defendant's conduct constitutes an attempt to trade on the goodwill
23 that KITU has developed in the KITU Mark, all to the damage of KITU.

24   40.   By their conduct, Defendant has caused KITU irreparable harm and
25 injury and will continue to do so unless Defendant is restrained and enjoined by
26 this Court from further violation of KITU's rights.

41. KITU has been damaged by the conduct of Defendant as described herein and will continue to be so damaged in the absence of relief from this Court.

## COUNT IV

## Refusal of Registration Under 15 U.S.C. 1119

42. KITU repeats the allegations above as if fully set forth herein.

43. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to registration of the mark KIITO, which is the subject of U.S. Ser. No. 87/949,049.

44. Defendant's U.S. Ser. No. 87/949,049 for the mark KIITO is in violation of KITU's prior rights.

45. Defendant's U.S. Ser. No. 87/949,049 was filed as an intent-to-used-based application after KITU filed U.S. Ser. No. 87/908,804 for the KITU Mark.

46. Defendant's U.S. Ser. No. 87/949,049 is likely to cause confusion with and, thus, damage to, KITU's superior rights, which will only continue unless enjoined by this Court.

47. Defendant's U.S. Ser. No. 87/949,049 also damages KITU because it, upon registration, will confer upon Defendant statutory presumptions to which Defendant is not entitled in view of KITU's superior rights and application U.S. Ser. No. 87/908,804.

48. KITU petitions this Court to issue an Order certified to the Director of the United States Patent and Trademark Office refusing registration of U.S. Ser. No. 87/949,049 pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## Prayer for Relief

WHEREFORE, KITU asks this Court to:

A. Grant temporary, preliminary and permanent injunctive relief enjoining Defendant and any principals, agents, servants, employees, successors, and assigns of Defendant and all those in privity, concert, or participation with Defendant from:

i. Imitating, copying, duplicating, or otherwise making any use of the KIITO mark, the KITU mark or any mark confusingly similar to the KITU mark;

ii. Manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material which bears any copy or colorable imitation of the KIITO mark or the KITU mark;

iii. Using any unauthorized copy or colorable imitation of the KIITO mark or the KITU mark in such fashion as is likely to relate or connect Defendant with KITU;

iv. Using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendant is sponsored, endorsed, connected with, approved, or authorized by KITU;

v. Causing likelihood of confusion or injury to KITU's business reputation and to the distinctiveness of the KITU mark by unauthorized use of a confusingly similar mark;

vi. Engaging in any other activity constituting unfair competition or infringement of the KITU mark or KITU's rights in, or to use, or to exploit the same; and

vii. Assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

B. Find that Defendant has infringed the KITU mark in violation of federal law and has damaged KITU's goodwill by Defendant's conduct.

C. Find that Defendant has unfairly competed with KITU by the acts complained of herein in violation of federal law.

D. Find that Defendant's acts constitute deceptive trade practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq*.

E. Find that Defendant has unfairly competed and infringed the KITU mark by the acts complained of herein in violation of the common law of California.

F. Grant an order requiring Defendant, and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendant who receive actual notice of said order, to deliver up or at KITU's election certify the destruction or removal of, all labels, articles, promotional, advertising and any other printed materials of any kind bearing "KIITO," the KITU mark, and any mark confusingly similar to the KITU mark.

G. Issue an Order certified to the Director of the United States Patent and Trademark Office refusing registration of U.S. Ser. No. 87/949,049 pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

H. Award KITU judgment for damages against Defendant resulting from violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) for Federal Unfair Competition in an amount to be fixed by the Court, which in its discretion it finds just, including:

  i. All profits received by Defendant from sales and revenues of any kind as a result of the actions complained of herein;

  ii. All damages sustained by KITU as a result of Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

  iii. That, in light of the deliberate and willful actions of the Defendant, this action be designated an exceptional case, thereby entitling KITU to an award of all reasonable attorneys' fees, costs, and disbursements incurred by KITU as a result of this action, pursuant to 15 U.S.C. § 1117, and that KITU be awarded such relief;

I. Award KITU judgment for damages as a result of Defendant's unfair competition and deceptive trade practices and that those damages be trebled;

J. Award KITU judgment for damages resulting from Defendant's common law trademark infringement and common law unfair competition and that those damages be trebled;

K. Award KITU pre- and post-judgment interest on any monetary award made part of the judgment against Defendant;

L. Award KITU its costs and disbursements of this civil action, including, without limitation, reasonable attorneys' fees; and

M. Grant to KITU such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

Dated: March 4, 2019                    POLSINELLI LLP

By: Todd M. Malylnn
Attorneys for Plaintiff
KITU LIFE, INC.

## **Jury Demand**

KITU demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: March 4, 2019                              POLSINELLI LLP

By: Todd M. Malylnn
Attorneys for Plaintiff
KITU LIFE, INC.